UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BRYAN ZULLI,

                                       Appellant,

-against-

MICHAEL J. MACCO, Chapter 13 Standing
Trustee, and CHRISTINE H. BLACK, Acting
Assistant U.S. Trustee,

                                       Appellees,

UNITED STATES TRUSTEE

                                       Trustee.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
23-cv-01920-JMA

FILED
CLERK
9:59 am, Feb 02, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is Appellant Bryan Zulli's ("Appellant") pro se appeal challenging the Bankruptcy Court's Order granting Trustee Michael J. Macco's ("Appellee") motion to dismiss the underlying Chapter 13 proceeding ("Dismissal Order"). (See 8-22-73515-reg, ECF No. 35.) The Court has subject matter jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). For the reasons below, the Bankruptcy Court's Dismissal Order is AFFIRMED.

                                        **I.      BACKGROUND**

**A.    Facts and Procedural History**.[1]

Appellant—appearing pro se—filed a Chapter 13 bankruptcy petition in the underlying bankruptcy proceeding on December 12, 2022. (See 8-22-73515-reg, ECF No. 1.) Prior to the

---

[1] The facts set forth in this Opinion are drawn from the parties' submissions in connection with Appellant's notice of appeal. The Court draws primarily from Appellant's Opening Brief (ECF No. ("Appellant Br.")), Appellee's Memorandum in Opposition (ECF. No. 8 ("Appellee Br.")), Appellant's Reply Brief (ECF No. 10 ("Appellant Rep. Br.")), and the record of the underlying Chapter 13 proceeding in Bankruptcy Court (8-22-73515-reg)). Citations to a party's brief incorporate by reference the documents cited therein.

underlying petition, Appellant had been involved in nine other Chapter 13 proceedings. (See Appellee Br. 1.) Several of them had been pending in the Eastern District of New York. (See id.) Appellant has never confirmed a Chapter 13 plan in this District. (See id.)

On January 9, 2023, Appellant filed an amended Chapter 13 plan. (See 8-22-73515-reg, ECF No. 20.) This proposed plan provided payment of $100 per month to creditors for 36 months. (See id.) Additionally, the proposed plan made allegations about certain state court actions and orders, which Appellant contends were mistakenly or fraudulently obtained. (See id.)

On January 10, 2023, Appellee filed a motion to dismiss—with prejudice—Appellant's Chapter 13 proceeding. (See 8-22-73515-reg, ECF No. 21.) Appellee argued dismissal was warranted because Appellant has filed multiple previous Chapter 13 proceedings in this District, all of which were dismissed. (See id.)

On February 6, 2023, U.S. Bank National Association ("Secured Creditor") filed a secured proof of claim in the Appellant's bankruptcy proceeding, in the amount of $2,671,618.52. (See 8-22-73515-reg, ECF No. 31.) Additionally, the Secured Creditor indicated mortgage arrears in the amount of $1,734,867.58 on real property located at 5 Fleet Court, Northport, New York ("5 Fleet Court"). (See id.)

On February 16, 2023, the Bankruptcy Court held a hearing on Appellee's motion to dismiss. (See 8-22-73515-reg, 2/16/2023 Hearing.) Appellant was present at the hearing, where the Bankruptcy Court noted numerous deficiencies with his case. For example, Judge Grossman concluded at the end of the hearing:

> THE COURT: Mr. Macco. Stop. I've reviewed the file. There's no basis for this case. There's no feasible plan. I suggest that the debtor go back to state court, exercise all his rights there, but there is no purpose to be here. So the Court will grant the motion to dismiss. Thank you.

(See Appellee Br. at 2 (citing 23-cv-01920, Tr., at 10, ECF No. 4-20.))

2

On February 27, 2023, the Bankruptcy Court entered an Order dismissing Appellant's Chapter 13 proceeding—with prejudice—pursuant to 11 U.S.C. §§ 109(g), 521, and 1307(c) ("Dismissal Order"). (See 8-22-73515-reg, ECF No. 35.)

On March 13, 2023, Appellant filed a Notice of Appeal of the Bankruptcy Court's Dismissal Order to this Court. (See 8-22-73515-reg, ECF No. 37.)

## II.   DISCUSSION

Appellant presents six issues as part of his appeal. (See Appellant Br. 1–4.) Appellee contends only one is relevant: whether the Bankruptcy Court erred in dismissing Appellant's Chapter 13 case underlying this appeal. (See Appellee Br. 1.) The Court agrees with Appellee and accordingly only addresses this question.[2]

**A.    Standard of Review.**

The Court has jurisdiction to hear this appeal. See 28 U.S.C. § 158(a). Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, on an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." In re Bernard L. Madoff Inv. Sec., LLC, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), aff'd, 697 F. App'x 708 (2d Cir. 2017).[3] A district court "need not agree with every conclusion reached by the Bankruptcy Court and may affirm the decision on any ground supported in the record." In re Caldor, Inc.–NY, 199 B.R. 1, 2 (S.D.N.Y. 1996), aff'd sub nom, Virginia Elec. & Power Co. v. Caldor, Inc.–NY, 117 F.3d 646 (2d Cir. 1997).

---

[2]   Most of the issues in Appellant's brief relate to state court issues or the actions/inactions of state court judges. (See Appellant Br. 1–4.) For example, Appellant's brief states that his reason for "filing chapter 13" is that "there is no creditor." (See id. at 12.) But as explained below, New York State Court—not the Bankruptcy Court—is the correct forum to entertain Appellant's challenge to the Secured Creditor's standing to enforce its lien. (See Tr., at 8–9, ECF No. 4-20.)

[3]   Appellant will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

3

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009) (citing Momentum Mfg. Corp. v. Emp. Creditors Comm., 25 F.3d 1132, 1136 (2d Cir. 1994)). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." In re Artha Mgmt., Inc., 91 F.3d 326, 328 (2d Cir. 1996). With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir. 1990).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation omitted).

**B.      Appeal from the Dismissal Order.**

In his appeal from the Bankruptcy Court's Dismissal Order, Appellant contends the Bankruptcy Court erred in granting Appellee's motion to dismiss his Chapter 13 bankruptcy case. (See Appellant Br. 9–12.) The Court disagrees.

**1.      Applicable Law.**

11 U.S.C. § 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court ... may dismiss a case under this chapter ... [if it] is in the best interests of creditors and the estate, for cause." Section 1307(c) enumerates eleven non-exhaustive grounds which constitute sufficient cause for the dismissal or conversion of a Chapter 13 case. See In re Herman, 2023 WL 3072035, at *6 n.2 (S.D.N.Y. Apr. 24, 2023) (citing In re Froman, 566 B.R. 641, 647 (S.D.N.Y. 2017)).

As relevant to the instant action, Section 1307(c)(1) provides a "for cause" dismissal may be premised on a debtor's "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). In addition, Section 1307(c)(5) provides a bankruptcy court may dismiss a

4

Chapter 13 petition after notice and a hearing when the plan has been denied under 11 U.S.C. § 1325, which sets forth the items that must be included in a plan if a bankruptcy court is to confirm it. See id. at § 1307(c)(5).

Courts have also "upheld the dismissal of Chapter 13 petitions when the plan was not feasible, and therefore not confirmable." In re Taneja, 789 F. App'x 907, 909 (2d Cir. 2019) (affirming dismissal of Chapter 13 petition when debtor's proposed plan was not feasible and therefore not confirmable because she failed to show she could comply with the terms of the plan); see also In re Zubair, 2021 WL 4974811, at *9 (S.D.N.Y. Oct. 26, 2021) (similar); In re Scott, 1999 WL 644380 (6th Cir. Aug. 13, 1999) (affirming dismissal of Chapter 13 plan where debtor's plan was not feasible because the debtor's reports of his income were inconsistent); In re Burger, 1999 WL 1069972 (2d Cir. Nov. 12, 1999) (affirming dismissal of Chapter 13 petition where debtor failed to file a feasible plan and instead objected to a creditor's claim). "To establish that [a] plan is confirmable, a debtor must show, among other things, that she 'will be able to make all payments under the plan and to comply with the plan,' which in turn requires a showing of stable income." In re Taneja, 789 F. App'x at 909 (quoting 11 U.S.C. § 1325(a)(6)); see also In re Scott, 1999 WL 644380, at *1.

2.   **Application.**

Upon de novo review of the record and arguments, the Court concludes that the Bankruptcy Court's Dismissal Order properly dismissed the case for cause. The Court finds that at least two of the enumerated circumstances of 11 U.S.C. § 1307(c) apply here. Under Section 1307(c)(5), the Court may dismiss a Chapter 13 case in the event of "denial of confirmation of a plan under [11 U.S.C. § 1325]."[4]  11 U.S.C. § 1307(c)(5). Additionally, under Section 1307(c)(1), the Court

---

[4]   "Subsection (c)(5), allowing a court to dismiss a case where the plan is not confirmable, references Bankruptcy Code § 1325(a)(6), '[b]y far the most important criterion for the confirmation of a chapter 13

may dismiss a Chapter 13 case where there has been "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1).

With respect to dismissal under Section 1307(c)(5), Judge Grossman properly dismissed Appellant's Chapter 13 bankruptcy case for cause due to his failure to submit a confirmable plan under Section 1325. (See Tr., at 10, ECF No. 4-20.) Under Section 1325(a)(6), this Court must determine whether "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). Appellant's Amended Chapter 13 plan proposed to pay a total of $3,600 when the arrears claim on the mortgage at 5 Fleet Court stood at $1,734,867.58.[5] (See 8-22-73515-reg, ECF No. 20.) The record demonstrates that Appellant has not proposed a feasible or confirmable Chapter 13 Plan. Therefore, the Bankruptcy Court did not err in dismissing Appellant's Chapter 13 bankruptcy case under 11 U.S.C. § 1307(c) of the Bankruptcy Code.

Alternatively, the Court finds Appellant's Chapter 13 case could have been properly dismissed pursuant to Section 1307(c)(1) for Appellant's unreasonable delay that is prejudicial to creditors. Appellant filed his Chapter 13 case on December 12, 2022. (See 8-22-73515-reg, ECF No. 1.) According to the Local Bankruptcy Rules for the Eastern District of New York, the Appellant was required to provide the Trustee with, among other documentation:

> (1) an affidavit stating whether or not the Appellant had paid all amounts required to be paid under a domestic support obligation that first came payable after the Petition Date or that the Appellant was not responsible to make any such payments; (2) an affidavit stating that the Appellant had filed all applicable tax returns required by Bankruptcy Code § 1308; (3) documentation of payment of all mortgage payments that had come due since the Petition Date; (4) documentation of the current value of the Appellant's real property; and (5) a detailed affidavit explaining how the

---

plan.'" In re Jensen, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010) (quoting 9 COLLIER ON BANKRUPTCY ¶ 1325.07)).

[5]   The Court recognizes Appellant filed an Amended Chapter 13 Plan on January 26, 2023, where monthly payments increased to $115. (See 8-22-73515-reg, ECF No. 25.) This does not change the Court's conclusion that Appellant has not proposed a feasible or confirmable Chapter 13 Plan.

6

    Appellant's circumstances had changed since the Appellant's prior bankruptcy case.

See E.D.N.Y. LBR 2003-1.

  Appellant's failure to timely provide these items impeded the Trustee's ability to administer the Chapter 13 case and thus caused an unreasonable delay.  Further, Appellant fails to provide any explanation why these items could not have been provided in a timely manner.  Considering these delays—all of which were prejudicial to the Trustee and the creditors—the Court finds sufficient cause to affirm the Bankruptcy Court's Dismissal Order pursuant to 11 U.S.C. § 1307(c)(1).

  Rather than address the applicable legal standards of 11 U.S.C. § 1307, Appellant marshals two principal arguments.

  First, Appellant argues the Bankruptcy Court disregarded "evidence that an invalid creditor submitted a proof of claim" and that the "plan is feasible for valid creditors." (Appellant Rep. Br. at 3.)  In support of his argument that the Secured Creditor is invalid, Appellant contends that a New York State court judge granted Appellant's motion to dismiss in 2013 in the underlying foreclosure action.  (See id.)  While that may be, resolution of this issue lies in the court which decides the Secured Creditor's rights.  As the Court understands it, the foreclosure action Appellant complains of is pending in New York State Supreme Court, not the Bankruptcy Court.  Therefore, as Judge Grossman recognized, New York State Court—not the Bankruptcy Court—is the correct forum to entertain Appellant's challenge to the Secured Creditor's standing to enforce its lien.  (See Tr., at 8–9, ECF No. 4-20.)

  Second, Appellant argues that the Bankruptcy Court erred by not allowing him an "Adversary Proceeding" under "11 U.S.C. § 502(b)(1)" to determine "the enforceability of the claim against [him] and his property." (Appellant Br. at 12, 15.)  This argument is without merit.  The Secured Creditor filed a secured claim in the Chapter 13 proceeding, and Appellant never took

7

any steps necessary to commence an Adversary Proceeding relating to that claim.[6]  The Court is mindful that Appellant is proceeding pro se in this action and "[i]t is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants."  Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law."  Bell v. Jendell, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); see also Iwachiw v. N.Y. City Bd. of Educ., 194 F. Supp. 2d 194, 201–02 (E.D.N.Y. 2002); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (holding pro se status "does not a party from compliance with relevant rules of procedural and substantive law").

The Court has considered all Appellant's remaining arguments and finds them to be without merit.  Accordingly, the Court AFFIRMS the Bankruptcy Court's Dismissal Order.

### III.  CONCLUSION

For the reasons stated above, the Bankruptcy Court's Dismissal Order is AFFIRMED.  The Clerk of Court is respectfully directed to (i) terminate the pending appeal; and (ii) mail a copy of this Order & the unpublished summary orders to the Pro Se Appellant at his address of record.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   February 2, 2024
        Central Islip, New York

                                                          /s/ JMA
                                                          JOAN M. AZRACK
                                                          UNITED STATES DISTRICT JUDGE

---

[6]  Procedurally, a debtor must electronically open a separate adversary proceeding to receive an adversary proceeding number.